UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAREN HAAG and DR. DIMITRI KOUMANIS,
M.D.,

                              Plaintiffs,

            -vs-                              1:12-CV-536

MVP HEALTH CARE,[1]

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

THE FORCE LAW FIRM, PC                        THOMAS J. FORCE, ESQ.
Attorneys for Plaintiffs
2 West Main Street, Suite 2
Bay Shore, NY  11706

GREENBERG TRAURIG, LLP                        HENRY M. GREENBERG, ESQ.
Attorneys for Defendant
54 State Street, 6th Floor
Albany, NY  12207


DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

        On March 2, 2012, plaintiffs Karen Haag ("Haag") and Dr. Dimitri Koumanis ("Dr.

Koumanis") (collectively "plaintiffs") filed this action in the Supreme Court, Saratoga County,

against defendant MVP Health Care ("MVP" or "defendant") asserting seven state law claims

related to MVP's alleged failure to comply with benefits claim procedures and refusal to pay

_____

[1]  The correct name of the defendant company is MVP Select Care, Inc.

the full cost of Haag's breast reconstruction surgery.  On March 26, 2012, defendant removed the action to federal court, arguing that plaintiffs' state claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA").

On April 2, 2012, MVP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On May 7, 2012, plaintiffs filed a cross-motion seeking leave to file an amended complaint pursuant to Rule 15(a)(2).  On May 14, 2012, defendant filed a reply asserting that the proposed amended complaint fails as a matter of law and the cross-motion must be denied as futile.

Oral argument was heard on May 23, 2012, in Utica, New York.  Decision was reserved.

## II.  FACTUAL BACKGROUND

The following facts, taken from the proposed amended complaint, are assumed true for purposes of the motion to dismiss.  Haag is a participant in an ERISA-covered employee health plan called The College of Saint Rose EPO Group Health Plan.  This plan is self-insured by Haag's employer, The College of Saint Rose, which is also the putative plan administrator, plan sponsor, and named fiduciary.  The terms of this plan are detailed in the Summary Plan Description ("SPD").  MVP is the claims and appeals administrator for this plan.

Haag was diagnosed with breast cancer and underwent a double mastectomy and bilateral breast reconstruction.  This initial surgery was performed by Dr. Koumanis, an out-of-network provider.  Haag subsequently required bilateral breast revision surgery.  On June 2, 2011, she received a letter from MVP advising that this second surgical procedure, to be performed by Dr. Koumanis, had been "approved for payment."  Proposed Am. Compl., Ex.

B.  This letter did not indicate an amount to be paid for the surgery.  On June 16, 2011, Haag successfully underwent this reconstructive procedure performed by Dr. Koumanis.

Dr. Koumanis submitted a claim for $38,500 to MVP's claim department on June 28, 2011.[2]  On September 7, 2011, Dr. Koumanis received a letter from MultiPlan, who had contracted with MVP, proposing an expedited resolution of the claim and offering $32,000 as full payment.[3]  Dr. Koumanis accepted the offer.  On October 18 and November 4, 2011, Dr. Koumanis's staff contacted defendant and was advised that the claim was still under review.

On November 6, 2011, MVP issued payment to Dr. Koumanis in the amount of $2,633.20.  The explanation code on the check stub indicated only:  "XNG Multiplan—No Negotiations Obtained."  Proposed Am. Compl., Ex. F.  A representative of Dr. Koumanis's office contacted defendant on November 11, 2011, and was advised that the claim was being forwarded to a supervisor for possible adjustment.  On November 29, 2011, Dr. Koumanis was advised that MVP would consider the agreement he had entered into with MultiPlan.  Dr. Koumanis submitted a claim adjustment form to MVP challenging the payment on December 6, 2011.  On December 23, 2011, defendant denied any upward adjustment of the payment, explaining "[o]ur records indicate the above claim was paid correctly based on the rates that where [sic] authorized.  Therefore no adjustment will be made."  Proposed Am. Compl., Ex. H.

---

[2]  This benefits claim only related to the June 16, 2011, procedure.  Plaintiffs do not make any allegations related to Haag's initial surgery.  At oral argument, plaintiffs' counsel, for the first time, advised that MVP had timely paid over eighty percent of the claim for Haag's first surgery.  While this information may be important at the summary judgment stage, it will not be considered for purposes of this motion to dismiss because such facts are not included in the proposed amended complaint.

[3]  This letter noted that it "does not constitute, nor should it be construed as, a guarantee of benefit payment by the Payor [MVP]."  Proposed Am. Compl., Ex. E.

## III. **DISCUSSION**

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Where plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court "has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint."  Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008).  As plaintiffs do not seek to add new defendants and MVP had sufficient opportunity to respond to the proposed amended complaint, the merits of the motion to dismiss will be considered in light of the proposed amended complaint.  Indeed, if the proposed amended complaint cannot survive the motion to dismiss, then plaintiffs' cross-motion to amend will be denied as futile.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiffs concede that this matter is governed by ERISA.  Liberally construing the proposed amended complaint, they bring the following three claims:  (1) failure to provide proper notification of an adverse benefit determination in violation of ERISA § 503, 29 U.S.C. § 1133; (2) failure to provide full benefits due under the plan, brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (3) failure to comply with the notice requirements of The Women's Health and Cancer Rights Act, 29 U.S.C. § 1185b ("WHCRA").[4]  Plaintiffs seek the remainder of the full benefits due under the plan in the

---

[4] The proposed amended complaint actually delineates four causes of action, one of which is for breach of the SPD.  As this is a state law claim involving the same allegations and seeking the same relief as the ERISA claims, it is preempted by ERISA and will be dismissed.  See Aetna Health Inc. v. Davila, 542 U.S. 200, 209, 124 S. Ct. 2488, 2495 (2004).

amount of $35,866.80 as well as attorneys fees and costs.

Defendant argues that the cross-motion to amend must be denied as futile because: (1) MVP is not a proper defendant; (2) plaintiffs failed to exhaust available administrative remedies; and (3) plaintiffs fail to state a claim upon which relief can be granted.

## A. **Motion to Dismiss—Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate only where plaintiffs have failed to provide some basis for the allegations that support the elements of their claims. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiffs' favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## B. **Standing**

Although not raised by either party, Haag lacks standing to bring this action because

she assigned her rights to recover benefits under the plan to Dr. Koumanis.

A healthcare provider to whom a beneficiary has assigned her claim in exchange for medical care has standing to sue under ERISA to recover medical expenses incurred.  I.V. Servs. of Am., Inc. v. Trs. of Am. Consulting Eng'rs Council Ins. Trust Fund, 136 F.3d 114, 117 n.2 (2d Cir. 1998).  The provider replaces the beneficiary and "thus stands in the assignor's stead with respect to both injury and remedy."  Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 117 (2d Cir. 2002); see also Macondo's Profit Corp. v. Motorola Commc'ns & Elecs., Inc., 863 F. Supp. 148, 149 (S.D.N.Y. 1994) (a party that has assigned its interest in a claim is left "without standing to sue").

The SPD clearly indicates:  "in the event that you have received Medically Necessary Covered Services pursuant to the terms of this SPD, you may assign to the Provider of such services your right to recover Benefits from the Plan for such Medically Necessary Covered Services."  Stasik Decl., Ex. A, § 26(1) ("SPD").  Implying that Haag assigned her right to Dr. Koumanis, the proposed amended complaint notes that "Defendant permits assignments of [an] insured's rights to [a] Provider of services to recover benefits from the plan for medically necessary covered services."  Proposed Am. Compl. ¶ 9.[5]  On the claim form submitted to MVP, Haag authorized direct "payment of medical benefits to [Dr. Koumanis] for services described below."  Proposed Am. Compl., Ex. D.  In the box marked "ACCEPT ASSIGNMENT?" Dr. Koumanis checked "YES."  Id.  This constitutes a valid assignment of Haag's right to recover benefits due under the plan to Dr. Koumanis.  See Montefiore Med.

_____

[5]  The original complaint that plaintiffs filed in the Supreme Court, Saratoga County, described Dr. Koumanis as "a beneficiary/assignee."  Notice of Removal, Ex. A, ¶ 3.

Ctr. v. Teamsters Local 272, No. 09 Civ. 3096, 2009 WL 3787209, at *2, *5 (S.D.N.Y. Nov. 12, 2009) (finding a valid assignment where providers marked "Yes" on claim forms to certify that they received an assignment of benefits from their patients), aff'd, 642 F.3d 321 (2d Cir. 2011); Cole v. Travelers Ins. Co., 208 F. Supp. 2d 248, 260–61 (D. Conn. 2002) (documents signed by patients authorizing direct payment of "authorized medical benefits" to providers for medical services rendered constituted valid assignment of benefits).

Therefore, Dr. Koumanis steps into Haag's shoes and replaces her as the only proper plaintiff in this action.[6]  Accordingly, Haag lacks standing and any claims brought by her will be dismissed.

### C.  MVP as a Proper Defendant

MVP argues that it is not a proper defendant in this ERISA action.  Plaintiffs maintain that although not named in the SPD as the "Plan Administrator," MVP has complete practical control of the benefits claim process and, therefore, is a proper defendant.[7]

"The Second Circuit has held that in a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Fredericks v. Hartford Life Ins. Co., 488 F. Supp. 2d 210, 212 (N.D.N.Y. 2007) (Kahn, J.) (internal quotation marks and alteration omitted).  "[I]f a plan specifically designates a plan administrator, then that individual or entity is the plan administrator for purposes of ERISA."

---

[6]  This renders moot defendant's argument that Dr. Koumanis—an out-of-network physician—does not have any legal rights under the plan.  It is undisputed that Haag is a plan participant and, thereby, enjoys all rights afforded under the terms of the plan.

[7]  Plaintiffs have not attempted to add The College of Saint Rose or The College of Saint Rose EPO Group Health Plan itself as defendants.

Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998).  "However, even where the express

terms of a plan identify an employer as the plan administrator, courts have still not held the

employer liable for recovery of benefits under the plan if it took no action with respect to the

denial of benefits at issue."  Jones v. UNUM Provident Ins., No. 1:06-CV-1427, 2007 WL

2609791, at *4 (N.D.N.Y. Sept. 5, 2007) (McCurn, S.J.).

        According to the SPD, the "Plan" is The College of Saint Rose EPO Group Health

Plan.  The College of Saint Rose is listed as the "Plan Administrator," "Plan Sponsor," and

"Named Fiduciary."  MVP is identified only as the "Claims and Appeals Administrator."  SPD

at 117.  However, at this early stage of the litigation, it is unclear who, practically, has the

responsibility to make final benefits determinations.  The documents attached to the

proposed amended complaint suggest that MVP made the final decision to pay Dr. Koumanis

$2,633.20 and, ultimately, refused to adjust this amount upward.  Further, there is nothing to

suggest that anyone but MVP reviews or adjusts benefits claims.  Indeed, MVP determines

whether a procedure is "medically necessary," and "MVP may deny Benefits where there is a

material misrepresentation or fraud."  Id. §§ 4(4), 5.  MVP is also the entity that provides prior

authorization for services and conducts retrospective review to determine "whether and to

what extent benefits are payable."  Id. §§ 5(2), 5(5).  Further, MVP is the only entity

mentioned in the "Appeals" section of the SPD.  See id. § 24.

        Thus, plaintiffs sufficiently allege that even though the plan is self-insured, MVP

controls all aspects of the claims procedure, decides whether to grant benefits, controls the

distribution of funds, and reviews all levels of appeals.  There are no allegations that The

College of Saint Rose took any action whatsoever with respect to the denial of full benefits at

issue.[8]  It is premature to determine, as a matter of law, that MVP does not act as the plan administrator for purposes of ERISA.  See Fredericks, 488 F. Supp. 2d at 213 (denying defendant's motion to dismiss in order to allow plaintiff to conduct discovery to determine who is the actual plan administrator); Am. Med. Ass'n v. United Healthcare Corp., No. 00 Civ. 2800, 2003 WL 348963, at *1–2 (S.D.N.Y. Feb. 7, 2003) (noting that "specific facts may take a case out of the black letter rule of Crocco" and refusing to resolve which party is truly the plan administrator prior to discovery).

Accordingly, at this point in the litigation, MVP is an appropriate defendant.

### D.  Exhaustion of Administrative Remedies

Defendant next argues that plaintiffs failed to exhaust available administrative remedies before filing this lawsuit.  Plaintiffs maintain that MVP's failure to follow the claims procedures excuses any failure to pursue all levels of administrative review.

"ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures before turning to litigation."  Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 219 (2d Cir. 2006).  However, if a plan administrator fails to follow reasonable claims procedures "a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA]."  29 C.F.R. § 2560.503-

---

[8]  Thus, if MVP was found to be an improper defendant, plaintiffs may be left without any remedy as courts have refused to hold liable employers like The College of Saint Rose who—although the named plan administrator—have taken no action with respect to the denial of benefits at issue.  See Jones, 2007 WL 2609791, at *4; Mendes v. Jednak, 92 F. Supp. 2d 58, 66 (D. Conn. 2000) (dismissing employer that, although named as the plan administrator, was not "the entity that made the eligibility decisions with respect to the plan"); MacMillan v. Provident Mut. Life Ins. Co., 32 F. Supp. 2d 600, 604 (W.D.N.Y. 1999) (dismissing employer that "did nothing here in its capacity as administrator of the plan that could establish liability on its part to pay benefits to plaintiff").

1(I).

It is undisputed that the claims procedure outlined in the SPD is reasonable and in accordance with ERISA. It is equally undisputed that plaintiffs did not exhaust this procedure.[9] However, plaintiffs allege that defendant failed to follow the reasonable notice provisions outlined in the SPD. Indeed, the SPD requires MVP to notify a plan participant, in writing, of an adverse benefit determination "within thirty (30) days after MVP's receipt of the claim." SPD § 5(5)(C)(1); Proposed Am. Compl. ¶ 51. Dr. Koumanis submitted a claim to MVP on June 28, 2011. The first communication in response to this claim was the September 7, 2011, proposed resolution from MultiPlan. MVP did not directly respond to the claim until November 6, 2011—over four months after it was submitted.

Further, MVP failed to satisfy 29 C.F.R. § 2560.503-1(g), which requires a notice of an adverse benefit determination to include the specific reason for the determination, reference to specific plan provisions on which the determination is based, a description of any additional information that is needed to process the claim, and a description of the plan's review procedures. MVP's explanation for the adverse benefit determination appeared on the November 6, 2011, check stub and indicated, in its entirety, "XNG Multiplan—No Negotiations Obtained." Proposed Am. Compl., Ex. F. This falls far short of satisfying the notice provisions contemplated by the federal regulations. In short, MVP failed to follow the

---

[9] The SPD mandates that a plan participant engage in both a First and Second Level Appeal before seeking relief in court. Plaintiffs arguably exhausted the First Level Appeal by filing the December 6, 2011, claim adjustment form. However, after receiving MVP's response on December 23, 2011, plaintiffs failed to initiate a Second Level Review and instead filed this action. It is noted that the SPD affords a participant 180 days in which to initiate a Second Level Appeal—meaning plaintiffs have until June 20, 2012, to do so. Plaintiffs argue that any further administrative review would be futile.

reasonable claims procedures required by ERISA and outlined in the SPD.

Defendant argues that the above notice provisions were not triggered because there was no adverse benefit determination.  This is unpersuasive.  Dr. Koumanis submitted a claim for $38,500.  Over four months later, after Dr. Koumanis accepted MultiPlan's offer of $32,000, MVP issued a check for $2633.20—less than seven percent of the claim for a pre-approved surgical procedure.  This constitutes an adverse benefit determination.  See 29 C.F.R. § 2560.503-1(m)(4) (defining "adverse benefit determination" as "a failure to provide or make payment (in whole or in part) for, a benefit" (emphasis added)).

Accordingly, plaintiffs are deemed to have exhausted their administrative remedies by virtue of MVP's failure to follow the reasonable claims procedures.

### E.  Merits of the Claims

Finally, defendant argues that all claims in the proposed amended complaint fail to state a claim upon which relief can be granted.

#### 1.  ERISA § 503, 29 U.S.C. § 1133

Plaintiffs allege that MVP provided an untimely and substantively inadequate notification of the adverse benefit determination.  This is essentially a claim that plaintiffs were not afforded a "full and fair review" of the adverse benefit determination in violation of ERISA section 503(2).  See Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 630 (2d Cir. 2008).  ERISA section 503(1) requires that a participant whose claim has been denied be provided with adequate notice "setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant."  29 U.S.C. § 1133(1).

Defendant argues that this ERISA section and the SPD notice provisions are

inapplicable because it paid all benefits due under the plan and, therefore, there was no adverse benefit determination.  As explained above, this argument fails.  It is alleged that MVP paid less than seven percent of the benefits claimed for a pre-approved surgical procedure.  It is further alleged that MVP did not provide notice of this adverse determination until four months after the claim, in violation of the SPD which requires written notice within thirty days.  Finally, plaintiffs claim that the notice did not adequately explain the reasons for the denial of full benefits, reference any plan provisions, or describe the appeals process.  In sum, plaintiffs have sufficiently alleged that they suffered an adverse benefit determination and that MVP failed to follow the reasonable claims procedures required by ERISA and outlined in the SPD.

The typical remedy for this claim is remand for further administrative review.  Krauss, 517 F.3d at 630.  However, remand is not required if further review would be a "useless formality."  See id.  Without discovery, however, it is unknown whether remand would be futile.  The proposed amended complaint states a plausible claim, and it therefore survives the motion to dismiss.

### 2.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

Plaintiffs next allege that MVP violated ERISA by failing to provide full payment for Haag's reconstructive surgery as required by the terms of the plan.  ERISA section 502(a)(1)(B) permits a participant or assignee to bring a civil action "to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).  Although the proposed amended complaint does not specifically reference this section of ERISA, it will be liberally construed to include such a claim.  See Proposed Am. Compl. ¶ 48 (asserting that plaintiffs

are entitled "to pursue civil action to recover benefits due under the SPD").

Defendant anticipated this claim and asserts that it fails because MVP paid all benefits due under the plan.  Again, whether MVP fulfilled its obligations under the plan is not a determination to be made at the motion to dismiss stage.  The SPD indicates that the plan will provide benefits for inpatient services related to breast cancer care, including reconstruction and prosthetic devices.  See SPD §§ 7(4), 13(9), 13(16).  Plaintiffs allege that they are thus entitled to full benefits for such medical care, which was pre-authorized by MVP and provided by Dr. Koumanis.  However, MVP paid out less than seven percent of the benefits claim and allegedly provided an untimely and inadequate explanation for same.  These allegations state a plausible claim, which survives the motion to dismiss.

### 3.  **Women's Health and Cancer Rights Act**

Plaintiffs allege that MVP failed to provide written notice that the plan covers reconstructive surgery following a mastectomy in violation of the WHCRA.[10]

Pursuant to the WHCRA, an insurer who provides a plan participant with benefits in connection with a mastectomy and breast reconstruction "shall" also provide coverage for: "(1) all stages of reconstruction of the breast on which the mastectomy has been performed; (2) surgery and reconstruction of the other breast to produce a symmetrical appearance; and (3) prostheses and physical complications of mastectomy, including lymphedemas."  29 U.S.C. § 1185b(a).  The insurer must also provide written notice to its participants of the

---

[10]  Defendant argues that the WHCRA does not provide a private cause of action.  This assertion is unpersuasive as the Second Circuit has considered and decided at least one case alleging violations of the WHCRA.  See, e.g., Krauss, 517 F.3d 614.  However, as this claim does not survive the motion to dismiss, it is unnecessary to conclusively determine whether the WHCRA permits a private action.

above coverage required by the WHCRA.  Id. § 1185b(b).

    The SPD provides clear notice of the coverage required by the WHCRA.  In the "Covered Inpatient Services" section, participants are advised that the plan covers treatment for "physical complications of mastectomy, including lymphedemas" as well as "reconstruction of the breast on which the mastectomy was performed, and surgery and reconstruction of the other breast to produce a symmetrical appearance."  SPD § 7(4).  The plan also provides "benefits for breast prostheses obtained from a provider required as a result of covered Breast Cancer Care."  Id.  The "Covered Professional Services & Supplies" section provides nearly identical notice.  See id. §§ 13(9), 13(16).  Further, the "General Provisions and Required Notices of Rights Under Federal Law" section contains an entire subsection titled "Women's Health and Cancer Rights Act of 1998."  Id. § 25(3).  This subsection provides:

> Federal law requires us to notify you of our Benefits for reconstructive surgery following mastectomy.  The Women's Health and Cancer Rights Act of 1998 requires that we provide Benefits for reconstruction of the breast on which a mastectomy has been performed and/or the other breast (to produce a symmetrical appearance).  We also cover prostheses and treatment of physical complications at all stages of mastectomy, including lymphedemas, as required by the Act.

Id.  Therefore, the SPD provides adequate notice of the coverage required by the WHCRA.[11]

    Accordingly, this claim will be dismissed.

---

[11]  Moreover, plaintiffs were not harmed by any alleged lack of notice since Haag was pre-approved for and successfully underwent the surgery.  She clearly was aware that such a procedure was covered by the plan and that pre-approval was necessary.

## IV. <u>CONCLUSION</u>

Haag assigned her right to recover full benefits due under the plan to Dr. Koumanis, who therefore replaces her as the only proper plaintiff in this action.  At this early stage of the litigation, MVP is a proper defendant.  Even though the plan is self-funded and The College of Saint Rose is named as the plan administrator, MVP allegedly controls all aspects of the claims procedure, decides whether to grant benefits, controls the distribution of funds, and reviews all levels of appeals.  There are no allegations that The College of Saint Rose took any action whatsoever with respect to the denial of full benefits at issue.  Discovery is required to determine who, practically, acts as the plan administrator for ERISA purposes.

Further, plaintiffs are deemed to have exhausted their administrative remedies by virtue of MVP's failure to follow the reasonable claims procedures required by ERISA and outlined in the SPD.  Finally, the proposed amended complaint states two plausible ERISA claims alleging failure to provide proper notification of an adverse benefit determination and seeking payment of full benefits due under the plan.  However, it would be futile to include in the amended complaint the remaining claim alleging a violation of the notice provisions of the WHCRA.

Therefore, it is

ORDERED that

1.  Plaintiffs' cross-motion to file an amended complaint (Dkt. No. 9) is GRANTED;

2.  Defendant's motion to dismiss the amended complaint (Dkt. Nos. 7, 11) is DENIED in part and GRANTED in part;

3.  All claims brought by plaintiff Karen Haag are DISMISSED;

4.  The state law breach of contract claim is DISMISSED;

5.  The claim alleging violation of the Women's Health and Cancer Rights Act is DISMISSED;

6.  The two remaining claims are brought pursuant to:  (1) ERISA section 503 for violation of notice provisions; and (2) ERISA section 502(a)(1)(B) for recovery of full benefits due under the plan; and

7.  Defendant shall file an answer to the two remaining claims in the amended complaint on or before June 20, 2012.

IT IS SO ORDERED.

The Clerk of the Court is directed to remove plaintiff Karen Haag from the caption and amend the caption to reflect defendant's proper name:  MVP Select Care, Inc.  All future pleadings shall reflect these changes.

_____
United States District Judge

Dated: June 6, 2012
        Utica, New York